UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| KELVIN R. STOVER | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 5:18-cv-1795-LCB |
| VALLEY RUBBER, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Kelvin R. Stover, filed a complaint on October 29, 2018, against his former employer, defendant Valley Rubber, LLC ("Valley"), alleging various civil rights violations during his employment with the company. (Doc. 1). On January 9, 2019, the defendant filed a motion to compel arbitration and to stay the current proceedings pending arbitration. (Doc. 6). The motion has been fully briefed and is ripe for review. For the reasons below, the Court finds that Valley's Motion to Compel Arbitration and Stay the Proceedings Pending Arbitration (Doc. 6) is due to be denied.

### I. Background

At issue in the present motion is the validity of an arbitration agreement that Stover signed on July 20, 2017, before beginning his employment with Valley. *See* (Docs. 7-1 and 7-2). Thus, a detailed recitation of the allegations in Stover's

complaint is not necessary for purposes of this memorandum opinion. It will suffice to note that, according to his complaint, Stover began his employment with Valley in July of 2017. Stover alleged that he was subjected to a racially-hostile work environment; that he was discriminated against based on his race; and that he was harassed and retaliated against after he filed a complaint with the EEOC. Stover resigned in February of 2018, but claimed that his resignation was actually a constructive discharge. Valley is seeking to enforce the purported agreement to arbitrate these claims.

**II. The Purported Arbitration Agreement**

In its motion to compel arbitration, Valley attached two documents that were signed by Stover on July 20, 2017. The first document, entitled "Binding Arbitration Agreement," provides, in pertinent part, that Stover agreed to "resolve any and all disputes related in any manner whatsoever to his/her employment at Valley Rubber, LLC by binding arbitration pursuant to the applicable rules of the American Arbitration Association." (Doc. 7-1, at 1). That document also provided that

> [d]isputes related to employment include, but are not limited to, claims or charges based upon federal or state statutes, including, but not limited to, Age Discrimination in Employment, Title VII of the Civil Rights Act of 1964, as amended, and any other civil rights statute, The Americans with Disabilities Act, Fair Labor Standards Act or other wage statues, the WARN Act, claims based upon tort or contract laws or any other federal or state law affecting employment in any manner whatsoever.

2

*Id.* Stover also signed a document contained in Valley's employee handbook entitled "Arbitration Agreement (For New Employee)." (Doc. 19-2). That document contained similar language regarding the arbitration of employment disputes.

Neither party has argued that Stover's claims fall outside the scope of the purported arbitration agreement. Rather, the argument stems from the fact that neither of the above-mentioned documents bears the signature of an authorized representative from Valley. The "Binding Arbitration Agreement" contains three lines for people to place their signatures. Stover signed his name above the line indicating "Employee's Signature." (Doc. 7-1, at 2). Lauren Davis, Valley's Human Resources Manager, signed her name above the line indicating "Witness." *Id.* However, there is no signature above the line for "Company Representative." *Id.* Similarly, Stover and Davis placed their respective signatures above the lines for "Employee's Signature" and "Witness" on the "Arbitration Agreement (For New Employee)." (Doc. 7-2, at 3). However, there is no signature above the line for "Employer Authorized Agent's Signature." *Id.* The question this Court must answer is whether the absence of a signature from an authorized representative of Valley renders the agreement invalid.

### III. Standard of Review

When presented with a motion to compel arbitration, "a district court, rather than a panel of arbitrators, must decide whether a challenged agreement to arbitrate is enforceable against the parties in question." *Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.*, 272 F. App'x 782, 785 (11th Cir. 2008) (citing *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854 (11th Cir. 1992)). The party opposing a motion to compel arbitration must "'substantiate the denial of the contract with enough evidence to make the denial colorable.'" *Magnolia Capital Advisors, Inc.*, 272 Fed. App'x at 785 (quoting *Wheat, First Secs., Inc. v. Green*, 993 F.2d 814, 819 (11th Cir. 1993)) (alteration in original omitted). In other words, the opposing party must "present evidence that the arbitration agreement is not valid or that it does not apply to the dispute in question," to create an issue regarding the enforceability of the purported arbitration agreement. *See Campbell v. CitiFinancial Mortgage Co., Inc.*, No. CV-06-BE-0302-E, 2006 WL 8436895, at *1 (N.D. Ala. June 2, 2006) (citing *Kenworth of Birmingham, Inc. v. Langley*, 828 So. 2d 288, 290 (Ala. 2002)). As with the inferences in ruling on a motion for summary judgment, the district court should draw all reasonable inferences in favor of the nonmovant. *See Magnolia Cap. Advisors, Inc.*, 272 F. App'x at 786.

The Eleventh Circuit applies a summary judgment standard when considering a motion to compel arbitration. The Court will decide, as a matter of law, whether the parties entered into an arbitration agreement only if "'there is no

genuine dispute as to any material' fact concerning the formation of such an agreement." *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)). A dispute is considered genuine if it is supported by the evidence presented or is created by evidence that is significantly probative. *See id.* at 1333(citing *Baloco v. Drummond Co.*, 767 F.3d 1229, 1246 (11th Cir. 2014)).

The relevant facts surrounding this issue are not in dispute. Stover does not dispute that he signed the documents in question before he began his employment with Valley, and Valley does not dispute that it failed to have an authorized representative sign those documents. Additionally, the language in the relevant documents speaks for itself. Although there is a factual dispute about whether Davis, Valley's Human Resources Manager, made certain statements to Stover about the effect of a company representative's signature on an arbitration agreement, the Court does not need to consider those alleged statements in reaching its decision.[1]

## IV. Discussion

---

[1] The Court notes that Davis's signature appears on both documents. However, Valley has also filed a motion to strike in which it asserted, among other things, that Davis "is not an attorney, and was accordingly not authorized by [Valley] to make statements of legal significance regarding the company's contractual obligations." (Doc. 18, at 4). Thus, Valley does not argue that Davis's signature constitutes the signature of a "company representative" or "employer's authorized agent."

5

The Eleventh Circuit has held that, because arbitration is a matter of contract, determining the validity of an arbitration agreement "is generally a matter of state law." *Entrekin v. Internal Medicine Associates of Dothan, P.A.*, 689 F.3d 1248, 1251 (11th Cir. 2012)(quoting *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 681 (2010)). *See also Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005)("[I]n determining whether a binding agreement arose between the parties, courts apply the contract law of the particular state that governs the formation of contracts.") Under Alabama law, "[t]he requisite elements of [a contract] include: an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract." *Lyles v. Pioneer Housing Systems, Inc.*, 858 So. 2d 226, 229 (Ala. 2003)(quoting *Ex parte Cain*, 838 So. 2d 1020, 1027–28 (Ala.2002). The issue before the Court is whether, under the particular facts in this case, the signatures of both parties are required in order to demonstrate the existence of mutual assent to the formation of the arbitration agreement.

As to whether a signature is required in order make a contract valid, the Alabama Supreme Court has held that "[t]he purpose of a signature on a contract is to show mutual assent…." *Ex parte Rush*, 730 So. 2d 1175, 1177–78 (Ala. 1999)(citing *Ex parte Holland Mfg. Co.*, 689 So. 2d 65 (Ala. 1996). However, the Eleventh Circuit has noted that, "while the FAA requires that the arbitration

agreement be in writing, it does not require that it be signed by the parties." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005). Nevertheless, the Alabama Supreme Court has held that there are exceptions to this general rule:

> Unless a contract is required by a statute to be signed (the FAA contains no such requirement), or by the Statute of Frauds to be in writing (the contract here is not subject to Alabama's Statute of Frauds, Ala. Code 1975, § 8–9–2, which requires the signature of the party against whom enforcement is sought), or <u>unless the parties agree that a contract is not binding until it is signed by both of them</u> …, it need not be signed by the party against whom enforcement is sought, provided it is accepted and acted upon.

*Ex parte Rush*, 730 So. 2d at 1178 (emphasis added). In the present case, unlike in *Rush*, there is evidence that the parties agreed that the contract to arbitrate was not binding unless it was signed by both parties.

Stover signed a document entitled "Acknowledgement of Receipt of Handbook & Policies," in which Valley explained that the employee handbook – which contained a description of the arbitration requirement – was for informational purposes only. However, the document also provided: "WITH THE EXCEPTION OF THE PROVISIONS OF THE ARBITRATION AGREEMENT, NO POLICY INCLUDED IN THE HANDBOOK CREATES OR CONSTITUTES A CONTRACT BETWEEN THE COMPANY AND ITS EMPLOYEES OR IN ANY WAY ALTERS THE AT-WILL NATURE OF THE EMPLOYMENT RELATIONSHIP." (Doc. 15-2)(capital letters in original).

7

Thus, it can be inferred that Valley intended for the arbitration provision to constitute a contract. However, the same document also provided that "[n]o officer or employee of the company, except for the General Manager, has the authority to enter into any contract affecting any terms or conditions of employment, and any such contract <u>must</u> be in writing, designated as an Employment Agreement, <u>and signed by the General Manger and the employee</u>." *Id.* (emphasis added).

Stover argues that these provisions, when read together, demonstrate that Valley intended for the arbitration agreement to be a contract but that any such contract must be signed by the General Manager and the employee in order to be valid and enforceable. As noted, the purported arbitration agreements in this case were not signed by the General Manager.

The facts in this case are analogous to the factual situation in *Med Center Cars, Inc. v. Smith*, 727 So. 2d 9 (Ala. 1998). In *Med Center*, the appellee signed her name to a buyer's order that contained a written dispute-resolution agreement. As in the present case, the company sought to enforce the dispute-resolution provision but failed to have a representative sign the document. In holding that the agreement was not enforceable, the Alabama Supreme Court noted that the buyer's order provided that it was "[n]ot valid unless accepted by the seller or its representative." *Id.* at 14. Reading this case in the light most favorable to the non-moving party, the Court finds the language from the buyer's order in *Med Center*

8

to have the same effect as the language in the "Acknowledgement of Receipt of Handbook & Policies" requiring the General Manager's signature in order to create a contract affecting any terms or conditions of employment. Therefore, the two documents containing the arbitration agreements are not enforceable because they were not signed by Valley's General Manager. Because the agreement to arbitrate is not enforceable as a matter of law, Valley's motion to compel arbitration is due to be denied.

Valley acknowledges the language from the "Acknowledgement of Receipt of Handbook & Policies" in its reply but asserts that Stover's argument that the General Manager's signature is required "folds under scrutiny." (Doc. 19, at 4). In support of that assertion, Valley points to language from its employee handbook which states:

> We intend to resolve all employment related disputes in good faith, fairly, efficiently, and to agree to final and binding arbitration of such disputes to be determined by a neutral arbitrator, rather than through court litigation. "Employee" is signatory below. "Company" or "Employer" is Valley Rubber, LLC, and includes any successor of the Company.

Valley argues as follows: "Apparent from the language above, there is no 'signatory' requirement for 'Company' or 'Employer' as there is the 'Employee.' Ex. E at p. 48. Additionally, the language shows Defendant (employer) intends to be bound, and does not refer to a requirement for a General Manager's signature." (Doc. 19, at 5) Valley also points to another portion of its employee handbook that

9

similarly appears to not require a company representative's signature for the arbitration agreement to be valid. Valley reads this language, as well as other language from the employee handbook, as proof that Valley intended to be bound by the arbitration agreement.

However, the Court is required to draw reasonable inferences in favor of Stover. *See Magnolia Cap. Advisors, Inc.*, *supra* ("As with the inferences in ruling on a motion for summary judgment, the district court should draw all reasonable inferences in favor of the nonmovant."). The Court finds that the explicit language in the "Acknowledgement of Receipt of Handbook & Policies" requiring the signature of the General Manager in order to form a contract, supersedes any language within the handbook suggesting that a signature is not required. Additionally, the Court notes that both of the documents setting out the arbitration provisions contained separate lines for a company representative to sign while other documents, such as the "Acknowledgement Regarding Sexual and Other Unlawful Harassment," contained only lines for the employee and a witness to sign. These facts, when read in the light most favorable to Stover, lead to the reasonable inference that the absence of the General Manager's signature on either of the purported arbitration agreements renders those agreements invalid. Because the arbitration agreements are invalid, Valley's Motion to Compel Arbitration and Stay the Proceedings Pending Arbitration (Doc. 6) is hereby **DENIED**. The Court

also **DENIES AS MOOT** Valley's Motion to Strike (Doc. 18) due to the fact that the Court did not consider the statements that were the subject of that motion in arriving at the present decision.

**DONE** and **ORDERED** September 19, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE